NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JEFFREY VAN NOTE, | : | |
| | : | **Civil Action No. 21-12022 (SRC)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| SPECIALIZED LOAN SERVICING, LLC AND HOF I LEGAL TITLE TRUST 1, | : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to dismiss Plaintiff Jeffrey Van Note's ("Plaintiff") Amended Complaint by Defendant Specialized Loan Servicing, LLC ("SLS") and Defendant HOF I Legal Title Trust 1 ("HOF") (collectively "Defendants"). (ECF No. 41). Plaintiff has opposed the motion and filed a cross-motion for leave to amend the Amended Complaint. (ECF No. 44). Defendants oppose Plaintiff's cross-motion to amend. (ECF No. 49). For the reasons that follow, the Court will grant Defendants' motion to dismiss in part and deny Plaintiff's cross-motion to amend.

**I.   BACKGROUND[1]**

This case arises out of a mortgage loan on property owned by Plaintiff. In December 2017, Plaintiff obtained the mortgage from Recovco Mortgage Management LLC ("Recovco").

---

[1] The Background section sets forth facts alleged in Plaintiff's Amended Complaint. (ECF No. 36). The facts in the Amended Complaint are taken as true for purposes of this motion to dismiss only. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994) ("[I]n considering a motion to dismiss for failure to state a claim under Rule 12(b)(6) . . . the district court [is] required to accept as true all allegations in the complaint . . . .").

1

(Amended Compl. ¶ 12).  Plaintiff failed to make the April 2020 and May 2020 payments on the mortgage.  (Amended Compl. ¶¶ 13, 17).  After both missed payments, Plaintiff called SLS, the loan servicer working on Recovco's behalf, about placing the loan into forbearance but was rebuffed by SLS both times.  (Amended Compl. ¶¶ 14, 15, 17, 18).  Around early May 2020, Recovco assigned the mortgage to HOF.  (Amended Compl. ¶ 16).  In June 2020, Plaintiff again called SLS and sought to make the missed payments.  (Amended Compl. ¶ 19).  He spoke to an SLS agent who told him not to make the payments because he would be given three months forbearance and promised Plaintiff he would receive the necessary paperwork in the mail. (Amended Compl. ¶¶ 20–21).  The Amended Complaint does not indicate whether Plaintiff ever received this paperwork.

Later, in September 2020, Plaintiff received a letter from SLS advertising a "Deferral Modification Program."  (Amended Compl. ¶ 22).  Under this program, Plaintiff could make two monthly payments upfront and SLS would defer all remaining payments to the end of the loan. (Amended Compl. ¶ 22).  Plaintiff again spoke to an SLS agent and made a payment pursuant to the program.  (Amended Compl. ¶¶ 23–24).  SLS eventually reversed this payment.  (Amended Compl. ¶ 28).

Around this same time, Plaintiff found a tenant to rent the property.  (Amended Compl. ¶ 25).  The tenant moved into the property along with her minor children on October 1, 2020. (Amended Compl. ¶ 26).  She agreed to rent the property for three months through the end of December after which time the lease would operate on a month-to-month basis.  (Amended Compl. ¶ 25).  Plaintiff alleges that, around October or November, an SLS agent entered the property and harassed the tenant's children.  (Amended Compl. ¶¶ 34–37).  The tenant then notified Plaintiff

that she would be moving out.  (Amended Compl. ¶ 38).  As a result, the property was vacant from January 2021 until Plaintiff found a new tenant in August 2021.  (Amended Compl. ¶ 40).

In December 2020, HOF notified Plaintiff that it was foreclosing on the mortgage due to Plaintiff's failure to make the necessary payments.  (Amended Compl. ¶ 29).  HOF sent the foreclosure notice to Plaintiff and to his ex-wife, with whom he was in a custody dispute at the time.  (Amended Compl. ¶ 30).  Plaintiff's ex-wife used the foreclosure notice against him in the custody dispute.  (Amended Compl. ¶ 31).  The foreclosure was eventually dismissed in January 2021.  (Amended Compl. ¶ 33).

In light of these facts, Plaintiff alleges SLS and HOF violated both federal and state law.  First, Plaintiff alleges Defendants violated the federal Fair Debt Collection Practices Act ("FDCPA") by (1) communicating with a third-party (the tenant's minor children) in connection with a debt (the mortgage loan), 15 U.S.C. § 1692c(b); (2) harassing, oppressing, or abusing the tenant's minor children in connection with the collection of the mortgage debt, 15 U.S.C. § 1692d(1), (2); and (3) making false representations to Plaintiff in connection with the mortgage when SLS told Plaintiff he would receive a forbearance on the mortgage and that he could participate in the Deferral Modification Program, 15 U.S.C. § 1692e(10).  (Amended Compl. ¶¶ 47, 54, 61).  Next, Plaintiff alleges one count of negligent misrepresentation associated with SLS's statements that it would place the mortgage in forbearance and the Deferral Modification Program.  (Amended Compl. ¶ 64).  Further, the Amended Complaint includes one promissory estoppel count, alleging that Plaintiff relied on SLS's statements to his detriment.  (Amended Compl. ¶¶ 68–69).  Finally, the Amended Complaint states a claim for negligent infliction of emotional distress, alleging that Plaintiff suffered severe emotional distress when the foreclosure was used against him in the custody proceedings.  (Amended Compl. ¶¶ 70–73).

Defendants filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 41). Plaintiff opposed this motion and sought leave to file a Proposed Second Amended Complaint ("Proposed SAC").[2] The Proposed SAC does not contain any additional factual allegations but adds three new counts for: (1) tortious interference with contractual relations; (2) tortious interference with prospective economic advantage; and (3) trespass. (ECF No. 44). Both the motion to dismiss and the cross-motion for leave to amend are now fully briefed and before the Court.

## II.  DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 15(a) requires the court to grant leave to amend "freely. . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend under Rule 15 should be denied only in certain circumstances, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or clear futility of the amendment.'" Brown v. Camden City Sch. Dist., No. 19-cv-00114, 2020 WL 6055070, at *2 (D.N.J. Oct. 13, 2020) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Here, Defendants argue that, because Plaintiff has only added new state law claims rather than additional factual allegations, any further amendment of the Complaint would be futile. (Def. Reply Br. at 3). Futility means that any amendment "would fail to state a claim upon which relief can be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). In determining whether an amendment is futile, the court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id.

---

[2] Plaintiff attached the Proposed SAC to his response brief as Exhibit 2.

4

Pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint will meet this plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the complaint need not demonstrate that a defendant is probably liable for the wrongdoing to meet the requisite pleading standard, allegations that give rise to the mere possibility of unlawful conduct are insufficient to withstand a motion to dismiss. Id.; Twombly, 550 U.S. at 557. Further, while a complaint is not required to include highly "detailed factual allegations," it must include more than mere "labels and conclusions." Twombly, 550 U.S. at 555. Finally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. The Court evaluates Plaintiff's claims under these standards.

**B. The Amended Complaint and the Proposed SAC Both Fail to Allege That the Mortgage Loan is a Debt Under the FDCPA**

All three of Plaintiff's FDCPA claims fail. Defendants identify two separate reasons warranting the dismissal of Plaintiff's FDCPA claims. First, they argue that the mortgage was not a debt pursuant to the FDCPA. (Def. Br. at 5–7). Alternatively, they contend that neither of them qualifies as a debt collector under the FDCPA. (Def. Br. at 4–5). The Court finds Defendants' first argument persuasive and will dismiss Plaintiff's FDCPA claims because he has failed to allege that the mortgage is a debt under the statute.[3]

"A threshold requirement for the application of the FDCPA is that the [defendant] attempt to collect a debt." Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1167 (3d Cir. 1987). The

---

[3] Because the Court finds that Plaintiff's failure to allege that the mortgage is a debt is sufficient to dismiss his FDCPA claims with prejudice, it need not reach Defendants' second argument that Plaintiff has also failed to allege that either Defendant is a debt collector under the statute.

5

FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

"Many courts have found that the FDCPA does not apply to debts associated with investment properties because the debt was not incurred for personal, family, or household purposes." Akinfaderin-Abua v. Dimaiolo, No. 13-cv-03451, 2014 WL 345690, at *3 (D.N.J. Jan. 30, 2014) (emphasis in original) (collecting cases). More specifically, courts have applied this rule to hold that debts related to rental properties are excluded from the FDCPA. See, e.g., Humphrey v. PennyMac Holdings, LLC, No. 15-cv-03622, 2017 WL 3184467, at *4 (D.N.J. Jul. 26, 2017) (holding that the FDCPA did not apply to a mortgage where the mortgage documents specified that the debtor "shall rent" the property rather than live in it); Herschelman v. New Century Mortg. Corp., No. 09-cv-00461, 2010 WL 4448224, at *5 (D. Haw. Oct. 29, 2010) (finding that the plaintiff's complaint was insufficient because it did not indicate that the property underlying the mortgage was the plaintiff's primary residence and, instead, indicated that he rented the property to tenants); Floyd v. Bank of America, N.A., No. 13-cv-02072, 2014 WL 3732591, at *5 (N.D. Ohio Jul. 25, 2014) ("If . . . plaintiff incurred the debt to purchase . . . rental properties . . . plaintiff's mortgage does not constitute FDCPA 'debt.'"); Aniel v. Litton Loan Servicing, LP, No. 10-cv-00951, 2011 WL 635258, at *4 (N.D. Cal. Feb. 11, 2011) ("Since the debt at issue was incurred in connection with a rental property, as opposed to a personal, family, or household purpose, the FDCPA has no application here."). Courts determine the nature of the debt at the time it was created. Fischer v. Fed. Nat'l Mortg. Ass'n, 302 F. Supp. 1327, 1330 (S.D. Fla. 2018).

Here, the Amended Complaint does not contain any indication that the property underlying the mortgage was Plaintiff's residence rather than a rental property. It states that Plaintiff obtained the mortgage in December 2017. (Amended Compl. ¶ 12). It then explains that Plaintiff rented the property to a tenant starting in October 2020. (Amended Compl. ¶ 12). It does not contain any information as to how Plaintiff used the property between when he obtained the mortgage in December 2017 and when the tenant started living there in October 2020. (Amended Complaint ¶ 25). Nor does the Proposed SAC add any information about how Plaintiff used the property during this time period either. As such, neither Complaint contains any facts from which the Court could plausibly infer that the mortgage is a debt because neither alleges that Plaintiff used the property underlying the mortgage as his own residence at the time he obtained the mortgage. See Herschelman, No. 09-cv-00461, 2010 WL 4448224, at *5; Akinfaderin-Abua, No. 13-cv-03451, 2014 WL 345690, at*3.

In his briefing, Plaintiff does not argue that the property was his residence. Instead, he contends that, because the property generated personal income for him and his family, the mortgage should not be excluded from the FDCPA. (Pl. Br. at 14). To support his assertion, Plaintiff cites two cases holding that debts related to business endeavors are not subject to the FDCPA. (Pl. Br. at 15) (citing Petsche v. EMC Mortg. Corp., 830 F. Supp. 2d 663, 672 (D. Minn. 2011); Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff, 638 F. App'x 100, 102 (2d Cir. 2016)). He claims that, at minimum, these cases did not reject his interpretation of the FDCPA to include all personal debts. (Pl. Br. at 15).

The cases cited by Plaintiff do not support his argument that as long as the mortgage is generating personal income it is subject to the FDCPA. Rather, they merely support the proposition that purely business debts are excluded from the Act. It does not follow from this

7

proposition that, because business debts are excluded, any personal debts are included.  In fact, contrary to Plaintiff's argument, many courts have found that debts related to rental properties which generate personal, rather than business, income are not subject to the FDCPA. E.g., Herschelman, No. 09-cv-00461, 2010 WL 4448224, at *5; Humphrey, No. 15-cv-03622, 2017 WL 3184467, at *4; Klahn v. Clackamas Cty. Bank, No. 13-cv-00621, 2013 WL 3834709, at *4 (D. Or. Jul. 24, 2013); Loschiavo v. Bank of America, N.A., No. 15-cv-00168, 2015 WL 3742491, at *1, *2–*3 (N.D. Ohio June 15, 2015).  Plaintiff's failure to allege that the mortgage debt was incurred for personal, household or family purposes dooms his FDCPA claims.

Finally, the Court finds that amendment of the Amended Complaint would be futile in addressing this deficiency.  As mentioned above, although Plaintiff responded to Defendants' motion to dismiss with the Proposed SAC, it does not address the "debt" issue by adding additional factual allegations regarding Plaintiff's use of the property.  Instead, the Proposed SAC simply adds three new state law counts without supplementing the facts alleged in the Amended Complaint.  (Proposed SAC ¶ 74–88).  It is reasonable for the Court to conclude that any further amendment would be futile from the Proposed SAC's failure to correct Plaintiff's pleadings.  See Kline v. Elite Med. Lab'ys, Inc., No. 19-cv-01043, 2019 WL 6828590, at *6 (E.D. Pa. Dec. 2019) ("Because [the plaintiff] has already amended his complaint to remedy this issue, and that amendment has failed to cure this defect, [the court] find[s] that granting further leave to amend would be both inequitable to require [the defendant] to seek dismissal [again] and futile because even after being placed on notice of this issue [the plaintiff] has failed to allege enough facts [to satisfy his burden].").

Moreover, even putting aside the shortcomings of the Proposed SAC, Defendants attach the mortgage to their motion to dismiss and point out that it contains an "assignment of rents"

8

clause.[4] (Def. Br. at Exhibit A). This provision is affirmative evidence indicating that Plaintiff intended to use the property as a rental property at the time he obtained the mortgage and, therefore, forecloses any possibility that Plaintiff would ever be able to adequately allege that the mortgage was a debt pursuant to the FDCPA. See Humphrey, No. 15-cv-03622, 2017 WL 3184467, at *4 (finding, on a summary judgment motion, that the plaintiff's statement on his initial loan application that he "shall rent" the property indicated that the mortgage on the property was not a debt under the FDCPA). Thus, the Court concludes that any amendment of the Amended Complaint to supplement Plaintiff's FDCPA claims would be futile and will dismiss Plaintiff's FDCPA claims with prejudice.

### C. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Because the Court is dismissing Plaintiff's FDCPA claims, it will also remand Plaintiff's state law claims. Defendants contend that Plaintiff's state law claims for negligent misrepresentation, negligent infliction of emotional distress, and promissory estoppel fail as a matter of law. (Def. Br. at 7–10). Plaintiff opposes Defendants' motion to dismiss those claims and seeks to add three new state law claims via the Proposed SAC for tortious interference with contractual relations, tortious interference with prospective economic advantage, and trespass. (Proposed SAC ¶ 74–88).

The Court declines to exercise jurisdiction over the state law claims in the Amended Complaint and the additional state law claims contained in the Proposed SAC. Both Complaints

---

[4] Plaintiff argues that the Court may not consider the mortgage documents because they were neither attached to the Amended Complaint nor incorporated by reference into the Amended Complaint. (Pl. Br. at 15–16). The Court disagrees and concludes that it may properly consider the mortgage on a motion to dismiss because Plaintiff mentions the mortgage in the Amended Complaint, (Amended Compl. ¶ 12), and his FDCPA claims rely on the underlying loan which created the debt at issue (i.e., the mortgage). Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

allege that the Court has supplemental, or pendent, jurisdiction over Plaintiff's state law claims stemming from the Court's federal question jurisdiction over the FDCPA claims. (Amended Compl. ¶¶ 8, 9; Proposed SAC ¶¶ 8, 9). In United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), the Supreme Court explained that "considerations of judicial economy, convenience, and fairness to litigants" govern a district court's exercise of pendent jurisdiction over state law claims. Id. at 726. Where, as here, a court dismisses the federal claims at an early stage of the litigation, these considerations will typically warrant the dismissal of the state law claims as well. Id.; see also Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 195–96 (3d Cir. 1976) ("If it appears that the federal claim is subject to dismissal under [Rule 12(b)(6)] . . . then the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances."); Livingston v. Shore Slurry Seal, Inc., 98 F. Supp. 2d 594, 602 (D.N.J. 2000) ("Once a federal court has dismissed all claims over which it has original jurisdiction, it should ordinarily decline to exercise supplemental jurisdiction over state law claims.")

In the instant case, neither party has ever asserted that the Court has diversity jurisdiction over the state law claims. (Amended Compl. ¶¶ 8, 9; Notice of Removal, ECF No. 1, ¶¶ 3, 4). Nor does either party identify any reason to keep the state law claims in federal court in the absence of the FDCPA claims. As such, now that the Court has dismissed the FDCPA claims with prejudice, the Court finds its proper to decline jurisdiction over the state law claims and remand them back to state court.[5] See Medley v. Atlantic Exposition Servs. 550 F. Supp. 3d 170, 203 n.6 (D.N.J. 2021) (declining to exercise diversity jurisdiction over state law claims after dismissing federal

---

[5] Because this case was removed from state court, (Notice of Removal, ECF No. 1), the Court will remand it rather than dismiss the state law claims without prejudice. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) (holding that district courts have "discretion to remand to state court a removed case involving pendent claims"); see also Knopp v. Shell Oil Co., No. 20-cv-03098, 2020 WL 7334094, at *2 (D.N.J. Dec. 14, 2020) ("Where a case has been removed to federal court on the basis of federal question jurisdiction, a district court may remand the case back to state court when all federal claims have been dropped and only pendent state law claims remain.").

claims partly because the parties did not assert that the court had diversity jurisdiction over the state law claims).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's three FDCPA Claims will be dismissed with prejudice, Plaintiff will be denied leave to amend, and the remaining state law claims will be remanded to state court. An appropriate Order will be filed together with this Opinion.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: June 21, 2022